UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SUSAN E NAVARRA,

Plaintiff,

v.

TORNIER, INC., et al.,

Defendants.

Case No. 24-cv-06150-NW

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DISCHARGING ORDER TO SHOW CAUSE**

Re: ECF Nos. 56, 58

This case arises out of self-represented Plaintiff Susan Navarra's shoulder replacement surgery in which the Tornier Aequalis Flex Revive Shoulder System, which was allegedly manufactured and sold by Defendants Tornier, Inc. and Stryker Corporation, was surgically implanted in her left shoulder. Navarra alleges that the device was defective and failed, which required another surgery to remove and replace it. Defendants move for summary judgment or, alternatively, involuntary dismissal for lack of prosecution. ECF No. 56 ("Mot.").[1] When Navarra did not file an opposition, the Court issued an order to show cause ("OSC") as to why the Court should not grant Defendants' motion. ECF No. 58.

On July 8, 2026, the Court held a hearing on Defendants' motion and the OSC. ECF No. 64. For the reasons set forth below, the Court GRANTS Defendants' motion for summary judgment and DISCHARGES the OSC.

## I.    BACKGROUND

Navarra, who was then represented by counsel, initiated this lawsuit in the Superior Court

---

[1] Record citations are to material in the Electronic Case File ("ECF"); unless otherwise noted, pinpoint citations are to the ECF-generated page numbers at the top of documents.

of California, County of Santa Clara on November 27, 2023. The complaint asserts five claims against Defendants for (1) strict products liability – manufacturing defect; (2) strict products liability – failure to warn, (3) negligence, (4) negligence – failure to recall/retrofit, and (5) breach of implied warranty. Compl. ¶¶ 14–49.

Navarra did not serve Defendants until August 1, 2024. ECF No. 1-1 at 23–26. On August 30, 2024, Defendants removed the action to this Court on diversity jurisdiction grounds. ECF No. 1 ¶¶ 10–15. The Court entered a scheduling order on December 16, 2024. ECF No. 29.

On October 20, 2025, counsel for Navarra moved to withdraw. ECF No. 47. On November 25, 2025, the Court granted counsel's motion, "urged Plaintiff to secure new counsel immediately[,]" and warned that, "[e]ven if [she] elects to proceed *pro se*, Plaintiff must continue to timely prosecute this case." ECF No. 51 at 2.

In light of counsel's withdrawal, the parties jointly requested that expert discovery deadlines be continued to allow Navarra "a short period of time to continue efforts of retaining counsel." ECF No. 54 at 4. The Court continued the pretrial deadlines and trial date by approximately five months. ECF No. 55. Under the amended case management schedule, the close of expert discovery was May 29, 2026. *Id.*

Defendants filed their motion for summary judgment on May 21, 2026. ECF No. 56. Pursuant to Civil Local Rule 7-3(a), Navarra's opposition was due June 4, 2026. After Navarra failed to respond, the Court ordered Navarra to show cause in writing why the Court should not grant Defendants' motion, and converted the July 8 hearing on the motion for summary judgment to a show cause hearing. ECF No. 58.

In her June 16, 2026 response, Navarra explained that she was unaware that she was required to respond to the motion for summary judgment in writing and that she believed that she "would get a chance to present information at the hearing as to why [she] should be granted case closure without prejudice." ECF No. 59 at 2. Navarra further stated that she "ha[s] been unsuccessful in securing new counsel." *Id.* at 1.

The Court thus reset the briefing schedule on the motion for summary judgment and ordered Navarra to file her opposition to the motion by June 26, 2026, and Defendants to file their

United States District Court
Northern District of California

reply by July 3, 2026. ECF No. 60.

Navarra timely filed her opposition (ECF No. 62),[2] and Defendants filed a reply (ECF No. 63).

## II. LEGAL STANDARD

A court shall grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden of establishing the absence of a genuine issue of material fact lies with the moving party, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986), and the court must view the evidence in the light most favorable to the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citation omitted). A genuine issue of material fact exists if there is sufficient evidence such that a reasonable jury could return a verdict for the non-moving party. *Id.* at 248. The Court may not weigh the evidence, assess the credibility of witnesses, or resolve issues of fact. *See id.* at 249.

To defeat summary judgment once the moving party has met its burden, the nonmoving party may not simply rely on the pleadings, but must produce significant probative evidence, by affidavit or as otherwise provided by Federal Rule of Civil Procedure 56, supporting the claim that a genuine issue of material fact exists. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 630 (9th Cir. 1987). In other words, there must exist more than "a scintilla of evidence" to support the non-moving party's claims, and conclusory assertions will not suffice. *See Anderson*, 477 U.S. at 252; *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

## III. DISCUSSION

Defendants assert that they had no contact with Navarra between December 30, 2025, and May 6, 2026, when the parties met and conferred regarding Defendants' anticipated motion for summary judgment. Mot. at 3–4; ECF No. 56-1 ("Burke Decl.") ¶¶ 2, 7. Defendants further state that Navarra did not take any further fact discovery before the March 13, 2026 deadline, serve any

---

[2] Navarra appears to have filed her opposition twice. ECF Nos. 61, 62. The second filing differs from the first in that it attaches two exhibits. ECF Nos. 62, 62-1, 62-2. As it appears that the first filing was in error, the Court only considers the opposition filed at ECF No. 62.

United States District Court
Northern District of California

expert reports, or seek an extension of the pretrial deadlines. Mot. at 4; Burke Decl. ¶¶ 3–5. Given Navarra's failure to develop the factual record and her lack of expert medical testimony, Defendants argue she cannot prove her claims, and they are therefore entitled to summary judgment or the involuntary dismissal of the action. Mot. at 6.

Navarra does not dispute Defendants' recitation of her discovery conduct. In her opposition, Navarra explains that she "has been finding it too difficult, due to mental and physical [reasons], to represent herself[.]" Opp'n at 3. She further states that she cannot afford the expense of retaining new counsel or hiring experts. *Id.* at 2–3. Navarra nevertheless contends that "[t]here is [a] dispute as to material fact in this case" and that she "continues to seek answers." *Id.* at 3. She therefore asks that the Court "[p]lease consider dismissing this case without prejudice to allow the plaintiff to pursue this case in the future." *Id.* At the hearing, Navarra reiterated that she has been unable to retain a new lawyer, had not conducted discovery, and expressed skepticism about her ability to proceed with her case.

The Court understands that Navarra struggles with various health challenges and has been unable to afford new counsel. But this case has been pending for more than two and a half years, and she offers no factual evidence or expert opinion that creates a triable issue of material fact. Navarra attaches to her opposition what appear to be two printouts from the Food and Drug Administration website, one titled "Class 2 Device Recall Aequalis Ascent Flex Humeral Stem" (ECF No. 62-1), and the other an adverse event report (ECF No. 62-2). This is insufficient to defeat summary judgment. These documents do not, for instance, establish that Navarra's shoulder implant was the same as the device or devices that were recalled or the subject of the adverse event report. Even assuming that Navarra's implant was the same, the documents are not evidence that Navarra's implant had the same defects identified the recall notice or adverse event report.

Navarra's opposition also asserts that "Tornier has denied an existence of a recall" and cites "Tornier's Amended Response to RFPD_Set 1 (16855112.2) Page 6, lines 16 and 17)" in support. Opp'n at 2. But as Navarra did not submit Tornier's response as an exhibit and it has not been filed elsewhere in the record, the Court cannot consider it.

4

Accordingly, Navarra fails to show that there is a triable issue of material fact, and Defendants are entitled to summary judgment on all claims.

**IV.    CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motion for summary judgment and DISCHARGES the order to show cause.

**IT IS SO ORDERED.**

Dated: July 8, 2026

_____

Noël Wise
United States District Judge